UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN LIOU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>TREMENDOUS LLC,<br><br>Defendant | Case No. 24-437<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff Glenn Liou ("Plaintiff") alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. This case seeks redress for Tremendous LLC's ("Tremendous" or "Defendant") practice of misrepresenting the value and characteristics of its gift cards ("Card").

2. Tremendous operates a payout platform enabling businesses to send pre-paid cards and gift cards to its customers around the world.

3. Defendant represents to consumers that the Card is equivalent to "Cash Payment" and that it is the "Most widely accepted prepaid card."

4. Contrary to Defendant's representation, the Card is not widely accepted at brick-and-mortar retail stores.

5. That is because the Card is only available as a "virtual" card which is generated in a digital format to be utilized in online checkouts.

6. Due to the relatively high shipping costs, the actual usable amount on the

Card is lower than the amount stated.

7. It lacks the liquidity of cash or of a conventional Master card.

8. Instead, the Card is designed such that cardholders are unable to use a large portion of the stated amount.

9. The putative class members in instant action are cardholders who received their virtual cards from Defendant through class action settlements.

10. The class action settlement payments are relatively low – generally a modest amount.

11. The cardholders are given options to choose the desired form of payment for the settlement amount on the class action settlement website.

12. The choices include Mastercard, Paypal, Venmo, Zelle, direct deposit or a paper check.

13. Consumers are specifically directed to select one of the "Cash Payment" options.



14. A reasonable consumer understands "Cash Payment" to mean a form of payment that can be used conveniently like cash in the amount of the stated value.

15. In addition to the representation that the Mastercard is the "most widely accepted prepaid card," Defendant further represents that the Card can be utilized with "Apple Pay, Google Pay [or] Samsung Pay."

16. Given these representations, the cardholders expect the Card to work similarly to any other gift cards.

17. Specifically, reasonable cardholders would expect to be able to spend the full value stated on the Card, either online or at brick and mortar stores.

18. Contrary to the representation, the cardholders belatedly realize that they are unable to take advantage of the full value stated on the Card and that brick and mortar stores generally do not accept the Card.

19. Cardholders are unable to take full advantage of the stated value of the

card for various reasons.

20. Defendant's Card is not a physical card. Unlike traditional cards that consumers carry in their wallet, Defendant's digital Card cannot be swiped at most brick-and-mortar stores. In addition, in order to utilize the "virtual" card, the account number must be punched at the store. Thus, most retail stores do not honor Defendant's digital cards.

21. Cardholders electing to place an online order are required to pay a comparatively exorbitant shipping and handling fees, rendering the digital card hardly a "cash equivalent."

22. The inability to use the Card leads to languishing unused balances.

23. Any unused balances will automatically revert to Defendant because the Card is designed such that small balances are unusable.

24. Consumers such as Plaintiff are eventually forced to forfeit most of the cards' value through dormancy fees.

25. Consider a cardholder who receives $12 Card from Defendant.

26. The only option for cardholders who do not wish to lose a large portion of the Card amount to shipping and handling fees is to shop at a brick and mortar store.

27. For cardholders venturing to brick and mortar stores, the Card is valueless since the Card is hardly accepted at most brick-and-mortar stores.

28. Due to the Card's lack of acceptance at brick-and-mortar stores, the Cardholder is required to place an online order in order to utilize the Card.

29. When she places an online order at Amazon, the shipping and handling charge is $6.99.

30. Assuming a 7% sales tax rate, the cost prior to selecting any merchandise is $7.76 ($6.99 + $0.77 sales tax).

31. Further consider that the cardholder selects a ruler that costs $2.25. The cost for the ruler will be $2.41 including sales tax.

32. The total cost to purchase a ruler at Amazon will be $10.17.

33. The actual value of the Card after purchasing a ruler at Amazon is $2.41 substantially less than the $12 Card the cardholder received.

34. That is because $7.76 is dissipated through shipping and handling fees.

35. The remaining balance of $1.83 languishes in the account until depleted by a dormancy fee since the cardholder will not be able to purchase any items online without paying shipping and handling charges.

36. This remaining balance operates as a hidden fee undisclosed to the cardholders.

37. Additional factors operate in conjunction to prevent the cardholders from depleting the full value of the Card.

38. The Card is rejected if the stated value of the Card is less than the amount

of order.

39. Defendant does not allow cardholders to supplement payment with another card if the amount on the Card is insufficient to cover the cost of the order.

40. Defendant does not reimburse cardholders on the remaining balance. In other words, the Card is on a "use it or lose it" basis.

41. The implication of choosing the Mastercard method is that the balance will almost never reach zero whether the cardholder uses the Card online or at brick and mortar stores leaving Defendant with a sizeable profit.

42. N.J. Rev. Stat. §56:8-110(a) states that "No dormancy fee shall be assessed" on a gift card/certificate "within 24 months" of the date of sale or within 24 months of the most recent activity or transaction. Fee shall not exceed $2 per month. Terms regarding fees must be disclosed as specified.

43. Defendant charges $3.95 starting on the thirteenth month in violation of the aforementioned New Jersey Gift Certificate Act.

44. As a result of Defendant's misrepresentations and omissions, the value of the Card is worth less or worthless.

45. Defendant represented to Plaintiff and all Class members that the Card was redeemable at face value and the same would be accepted at brick and mortar stores.

46. Cardholders were objectively and reasonably justified in their reliance

that they would be able to spend the full value of the Card and it would be accepted at most brick and mortar stores just like any other cards.

47. Plaintiff and the members of the Class would not have selected the Card as their payment option had they known that the full face value could not be spent or that most brick and mortar stores did not accept the Card. Instead, they would have selected another form of payment.

## JURISDICTION

48. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

49. The aggregate amount in controversy exceeds $5 million, including any statutory or punitive damages, exclusive of interest and costs.

50. Plaintiff is a citizen of New Jersey.

51. Defendant is a citizen of New York.

52. The class of persons Plaintiff seeks to represent includes persons who are citizens of a different state from which Defendant is a citizen.

53. The members of the proposed class Plaintiff seeks to represent are more than one hundred, because the card has been provided to hundreds of consumers of this State.

54. The Court has jurisdiction over Defendant because it transacts business within New Jersey and supplies the cards to consumers within New Jersey.

55. Defendant transacts business in New Jersey, through the distribution of the cards to consumers within New Jersey.

56. Defendant has committed tortious acts within this State through the distribution and sale of the cards, which is misleading to consumers in this State.

57. Defendant has committed tortious acts outside this State by labeling, representing and selling the cards in a manner which causes injury to consumers within this State by misleading them as to its contents, amount and/or quality, by regularly doing or soliciting business, or engaging in other persistent courses of conduct to sell and distribute the cards to consumers in this State, and/or derives substantial revenue from the sale and distribution of the cards in this State.

58. Defendant has committed tortious acts outside this State by labeling and representing the cards in a manner which causes injury to consumers within this State by misleading them as to its value, contents, amount and/or quality, through causing the cards to be distributed throughout this State, such that it expects or should reasonably expect such acts to have consequences in this State and derives substantial revenue from interstate or international commerce.

## VENUE

59. Venue is in this Court because Plaintiff is a resident of Ocean County, New Jersey.

60. Venue is in this Court because a substantial part of the events or

omissions giving rise to these claims occurred in Ocean County, which is where Plaintiff's causes of action accrued.

61. Plaintiff purchased, obtained and/or used the cards in reliance on the representations identified here in New Jersey.

62. Plaintiff became aware the representations and labeling was false and misleading in New Jersey.

## PARTIES

63. Plaintiff is a citizen of Ocean County, New Jersey.

64. Defendant Tremendous LLC is a limited liability company with a principal place of business in New York.

65. Plaintiff saw and relied on the "most widely accepted prepaid card" representation prior to making his decision to choose Tremendous prepaid card among the payment methods.

66. On or about June 2022, Plaintiff received one Card in the amount of $19.03 from the Optical Disk Drive Antitrust Settlement, Case No. 3:10-md-2143 RS.

67. The email stated that "this digital *gift card* should be treated like cash and protected appropriately." The email warned Plaintiff to "be aware of inactivity fees of $3.95 per month" which are "charged after 12 months of no use."

68. Subsequently, on or about November 2022, Plaintiff received another

gift card in the amount of $9.31.

69. Plaintiff received a total of $28.34 from the Optical Disk Drive class action settlement.

70. In order to avoid shipping and handling fees, Plaintiff attempted to shop at three brick and mortar stores – Walmart, McDonald's and a local store. None of the stores accepted the Card.

71. An employee at a local store even became suspicious of the Card.

72. Plaintiff knows of no method to fully deplete the Card to purchase goods such that he can take full advantage of the amount promised.

73. Furthermore, Plaintiff was charged dormant fee in the amount of $3.95 after the twelfth month which is in excess of permissible amount of $2 and well before 24-month dormancy period.

74. Less than 24 months after receiving the two cards, the balance on Plaintiff's cards have been depleted through dormancy fees.

## CLASS ALLEGATIONS

75. Plaintiff seeks to represent the following class:

> All persons in the State of New Jersey who obtained the Tremendous cards in New Jersey during the statutes of limitations for each cause of action alleged.

76. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and

class members are entitled to damages.

77. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

78. Plaintiff is an adequate representative because his interests do not conflict with other members.

79. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

80. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

81. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## CAUSES OF ACTION

### COUNT I
### New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. § 56:8-2, *et seq*.

82. Plaintiff incorporates by reference all preceding paragraphs.

83. The purpose of the CFA is to protect consumers against unfair and deceptive practices.

84. Defendant engages in unfair business practices relating to its administration of its gift card services, in violation of the New Jersey Consumer

Fraud Act, N.J.S.A. § 56:8-2, *et seq.*

85. Defendant is a "person" as defined by § 56:8-1(d).

86. Defendant's Card constitutes "merchandise" as defined by § 56:8-1(c). Defendant's practices relating to its Card services are unlawful and constitute an "unconscionable commercial practice, deception, fraud . . . [and] misrepresentation, or the knowing, concealment, suppression, or omission of material facts" in connection with their services as defined by § 56:8-2.

87. Under the New Jersey Consumer Fraud Act, such conduct done in connection with the sale or advertisement of its Card is unlawful whether or not any person has in fact been misled or deceived. § 56:8-112. *Shelton v. Restaurant.com, Inc.,* 214 N.J. 419 (N.J. 2013).

88. Plaintiff performed his requisite obligations.

89. Plaintiff further seeks to recover for economic injury and/or loss he sustained based on the misleading labeling, representations and packaging of the cards, a deceptive practice under this State's consumer protection laws, by paying more for it or choosing to accept funds to which he was entitled through receiving the card than he otherwise would have.

90. Plaintiff will produce evidence showing how he and consumers paid more money or other consideration than they otherwise would have paid for the cards, relying on Defendant's representations and omissions, using statistical and

12

economic analyses, hedonic regression, and other advanced methodologies.

91. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer's decisions.

## COUNT II
### TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT ("TCCWNA") (N.J.S.A. § 56:12-15)

92. Plaintiff and those similarly situated are "consumers" within the meaning of N.J.S.A. § 56:12-15.

93. Defendant is a "seller" within the meaning of N.J.S.A. §§ 56:12-15 and -17.

94. Defendant violated the TCCWNA with respect to Plaintiff and the Class by (1) preventing Plaintiff and the members of the Putative Class from spending the full values of the Card using tactics that violate the CFA and (2) misrepresenting that Defendant's Card is similar to any other stored value card gift cards, when it is not.

95. Defendant violated Plaintiff's legal rights or responsibilities of Defendant under the CFA and NJ Gift Certificate Statute, therefore, Defendant violated the TCCWNA.

96. As a result of Defendant's violations of the TCCWNA, Plaintiff is entitled to statutory damages of not less than $100 for each of Defendant's TCCWNA violations, as provided by N.J.S.A. § 56:12-17.

97.

## COUNT III
### Unjust Enrichment

98. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

99. Defendant has been unjustly enriched by taking funds from the Card under their control in the form of unused balance and fees assessed upon Plaintiff and the Class.

100. The circumstances are such that it would be unjust and inequitable for Defendants to retain the benefit that they unjustly received from Plaintiff and the Class members.

101. Plaintiff and the Class members have conferred benefits on Defendants, which Defendants have knowingly accepted and retained.

102. Plaintiff and the Class members have suffered and continue to suffer actual damages as a result of Defendants' unjust retention of proceeds from its acts and practices alleged herein.

103. Plaintiff seeks to disgorge Defendant's unlawfully retained benefits resulting from their unlawful conduct, and seeks restitution for the benefit of Plaintiff and the Class.

104. Plaintiff is entitled to the imposition of a constructive trust upon Defendants, such that their unjustly retained benefits are distributed equitably by the

Court to and for the benefit of Plaintiff and the Class members.

## JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated: January 24, 2024

Respectfully submitted,

/s/ Tiffany *Troy*
Troy Law, PLLC
41-25 Kissena Blvd., Ste 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com

Sheehan & Associates, P.C.
Spencer Sheehan*
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

Chung Law Firm, P.C.
James Chung*
4322 216th Street
Bayside, NY 11361
(718) 461-8808
Jchung_77@msn.com

**Pro Hac Vice* forthcoming